

RECEIVED

AUG 23 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. __5:18-cr-00232__ |
| | * | |
| VERSUS | * | 18 U.S.C. § 1349 |
| | * | 18 U.S.C. §§ 1344(1) and (2) |
| | * | 18 U.S.C. § 1343 |
| CARLOS A. SPANN  (1) | * | Chief Judge Hicks |
| PHELIX K. WILLIAMS  (2) | * | |
| ANTHONY E. JOHNSON  (3) | * | Magistrate Judge Hornsby |

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### Conspiracy to Commit Bank & Wire Fraud
### [18 U.S.C. § 1349]

A.    At All Times Relevant Herein:

1.    Trustmark National Bank ("Trustmark"), Regions Bank ("Regions), and

JP Morgan Chase Bank, N.A., ("Chase"), all herein after, if collectively described,

referred to as "the banks," were financial institutions whose deposits were insured by

the Federal Deposit Insurance Corporation.  Regions and Chase banks have branches

located in the Western District of Louisiana.

2.    Tower Loan was a loan company based in Flowood, Mississippi with over

50 branches in Louisiana.  Tower Loan had an account at Trustmark National Bank

ending in 5857.  Tower Loan and Regions Bank entered into an indemnification

agreement so that Regions Bank would cash Tower Loan checks for Tower Loan's

customers.

Page 1 of 10

3. Certegy was a check guarantee service used by several merchants, including Wal-Mart stores. When a check was processed using Certegy, the merchant scanned the check to start the payment process. The check was then sent electronically to one of Certegy's two servers located in St. Petersburg, Florida or Chicago, Illinois.

4. After the check was electronically compared to its database, Certegy electronically sent an "accept" or "decline" code back to the merchant.

5. Depending on the merchant's financial institution, the checks were then sent electronically or manually to the merchant's bank for deposit. The merchant's financial institution then electronically sent the information to the check writer's financial institution to fund the check. If a check was not funded, this information was sent electronically back to the merchant's bank and the merchant.

6. If a check was approved, but the account was found to have insufficient funds, Certegy suffered the financial loss.

## B. The Conspiracy

Beginning at a time unknown, but no later than on or about October 2017, and continuing until on or about March 2018, in the Western District of Louisiana and elsewhere, the defendants, **CARLOS A. SPANN, PHELIX K. WILLIAMS, ANTHONY E. JOHNSON,** and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other, to commit offenses against the United States, to wit: to knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain any moneys, funds, credits,

assets, and other property under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, and to knowingly devise a scheme and artifice to defraud and to obtain money and property, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**C.    Object of the Conspiracy and the Scheme and Artifice to Defraud**

The primary object of the conspiracy and the scheme and artifice to defraud was to obtain monies to which the co-conspirators were not entitled utilizing counterfeit checks.

**D.    Manner and Means / Scheme and Artifice**

The defendants, **CARLOS A. SPANN, PHELIX K. WILLIAMS, ANTHONY E. JOHNSON,** and others known and unknown to the Grand Jury, utilized the following manners and means, among others, in the Western District of Louisiana and elsewhere:

1.    It was a part of the conspiracy and the scheme and artifice to defraud that the co-conspirators made and caused to be made forged and counterfeit checks, including counterfeit Tower Loan checks and Tri-State Sewage & Drainage checks made payable to both fictitious and actual individuals.

a.     The counterfeit Tower Loan checks were drawn on Tower Loan's bank account at Trustmark National Bank, as well as a United States Postal Service bank account at Chase Bank.

b.     The counterfeit Tri- State Sewage & Drainage checks were drawn on a United States Postal Service bank account at Chase Bank.

2.     It was further part of the conspiracy and the scheme and artifice to defraud that co-conspirators in the scheme obtained fraudulent identifications, including driver's licenses, in the payee names on the counterfeit checks.

3.     After obtaining the counterfeit checks, the conspirators took the counterfeit checks to various Regions banks and retail stores, where they negotiated the counterfeit checks for cash utilizing fraudulent identifications.   During the conspiracy, the co-conspirators negotiated over 100 counterfeit checks resulting in over $150,000 in illegally obtained proceeds.

### E.     Overt Acts

To accomplish the object of the conspiracy, co-conspirators did commit numerous overt acts in furtherance of the conspiracy and the scheme and artifice to defraud, among which were the following:

1.     On or about February 21, 2018, **CARLOS A. SPANN** did present and negotiate for cash, a counterfeit Tower Loan check drawn on Tower Loan's Trustmark National Bank account ending in *5857 at a Wal-Mart store in Longview, Texas.

2.    In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the allegations in Counts 2 - 29 are incorporated by reference as though fully set forth herein as overt acts.

All in violation of Title 18, United States Code, Section 1349.  [18 U.S.C. § 1349].

## COUNTS 2 - 12
## Bank Fraud
## [18 U.S.C. §§ 1344(1) and (2)]

1.    The allegations of Count 1 are realleged and incorporated by reference as though set forth in full herein as the scheme and artifice to defraud.

2.    On or about the date set forth below in the Western District of Louisiana and elsewhere, defendant, **ANTHONY E. JOHNSON**, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money, funds, assets, and credits owned by or under the control of Regions Bank by means of false pretenses, representations, and promises, did knowingly and willfully obtain money, funds, assets and credits of Regions Bank by cashing counterfeit Tower Loan checks bearing Tower Loan's Trustmark National Bank account ending in 5857, as further described below:

| Count | Date of Transaction | Regions Bank Branch Address | Check # | Amount |
|---|---|---|---|---|
| 2 | 10/26/2017 | 803 Sixth Street Alexandria, LA | 553744 | $3,522.00 |
| 3 | 10/26/2017 | 1439 Centre Court Alexandria, LA | 553805 | $3,275.00 |
| 4 | 10/31/2017 | 734 S. Lewis Street New Iberia, LA | 553889 | $3,455.00 |
| 5 | 10/31/2017 | 1504 Hospital Avenue Franklin, LA | 553997 | $3,340.00 |

| Count | Date of Transaction | Regions Bank Branch Address | Check # | Amount |
|---|---|---|---|---|
| 6 | 11/07/2017 | 6602 Youree Drive Shreveport, LA | 554148 | $3,290.00 |
| 7 | 11/07/2017 | 2948 E. Texas Street Bossier City, LA | 554162 | $3,370.00 |
| 8 | 11/07/2017 | 8350 Millicent Way Shreveport, LA | 554169 | $3,540.00 |
| 9 | 11/07/2017 | 6800 Pines Road Shreveport, LA | 554173 | $3,280.00 |
| 10 | 11/07/2017 | 2559 Bert Kouns Industrial Loop Shreveport, LA | 554175 | $3,190.00 |
| 11 | 11/14/2017 | 1439 Centre Court Alexandria, LA | 554251 | $3,500.00 |
| 12 | 11/14/2017 | 333 Macarthur Drive Alexandria, LA | 554253 | $3,150.00 |

All in violation of Title 18, United States Code, Sections 1344(1) and (2). [18 U.S.C. §§ 1344(1) and (2)].

## COUNTS 13 - 25
## Bank Fraud
## [18 U.S.C. §§ 1344(1) and (2)]

1.     The allegations of Count 1 are realleged and incorporated by reference as though set forth in full herein as the scheme and artifice to defraud.

2.     On or about the date set forth below in the Western District of Louisiana and elsewhere, defendant, **PHELIX K. WILLIAMS**, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money, funds, assets, and credits owned by or under the control of Regions Bank by means of false pretenses, representations, and promises, did knowingly and willfully obtain money, funds, assets and credits of Regions Bank by cashing counterfeit Tower Loan checks bearing

Tower Loan's Trustmark National Bank account ending in 5857, as further described

below:

| Count | Date of Transaction | Regions Bank Branch Address | Check # | Amount |
|---|---|---|---|---|
| 13 | 10/18/2017 | 4740 Line Avenue Shreveport, LA | 553428 | $1,724.15 |
| 14 | 10/18/2017 | 1751 Line Avenue Shreveport, LA | 553435 | $1,589.74 |
| 15 | 10/18/2017 | 8350 Millicent Way Shreveport, LA | 553442 | $1,682.80 |
| 16 | 10/18/2017 | 6602 Youree Drive Shreveport, LA | 553448 | $1,522.93 |
| 17 | 10/19/2017 | 2948 E. Texas Street Bossier City, LA | 553468 | $2,263.88 |
| 18 | 10/19/2017 | 1316 Sibley Road Minden, LA | 553469 | $3,566.40 |
| 19 | 10/19/2017 | 6800 Pines Road Shreveport, LA | 553474 | $2,491.56 |
| 20 | 10/18/2017 | 3750 Youree Drive Shreveport, LA | 553480 | $2,275.78 |
| 21 | 10/20/2017 | 200 Homer Road Minden, LA | 553485 | $3,522.86 |
| 22 | 10/24/2017 | 2901 Johnston Street Lafayette, LA | 553759 | $3,570.00 |
| 23 | 11/02/2017 | 3204 Cypress Street West Monroe, LA | 554029 | $3,500.00 |
| 24 | 11/03/2017 | 1751 Line Avenue Shreveport, LA | 554068 | $3,200.00 |
| 25 | 11/03/2017 | 6602 Youree Drive Shreveport, LA | 554088 | $3,490.00 |

All in violation of Title 18, United States Code, Sections 1344(1) and (2). [18 U.S.C.

§§ 1344(1) and (2)].

## COUNTS 26-29
## Wire Fraud
## [18 U.S.C. § 1343]

1.      The allegations of Count 1 are realleged and incorporated by reference as though set forth in full herein as the scheme and artifice to defraud.

2.      On or about the dates listed below, in the Western District of Louisiana, and elsewhere, for the purpose of executing and attempting to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, promises, and representations, the defendant listed below, knowingly caused or attempted to cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds as described below:

| Count | Defendant | Date of Wire Transaction | Description of Wire Transaction |
|---|---|---|---|
| 26 | CARLOS A. SPANN | 03/05/2018 | Tower Loan Check # 61959126 written on USPS Chase account # 6790 in the amount of $563.82 cashed at a Wal-Mart in Monroe, LA.. At the time this counterfeit check was cashed, it was processed through the Certegy server in St. Petersburg, FL. |
| 27 | CARLOS A. SPANN | 03/05/2018 | Tower Loan Check # 61959074 written on USPS Chase account # 6790 in the amount of $547.68 cashed at a Wal-Mart in Monroe, LA.  At the time this counterfeit check was cashed, it was processed through the Certegy server in Chicago, IL. |

| Count | Defendant | Date of Wire Transaction | Description of Wire Transaction |
|---|---|---|---|
| 28 | PHELIX K. WILLIAMS | 03/08/2018 | Tri-State Sewage & Drainage Service Check # 61959648 written on USPS Chase account # 6790 in the amount of $536.87 cashed at a Wal-Mart in Bossier City, LA.  At the time this counterfeit check was cashed, it was processed through the Certegy server in St. Petersburg, FL. |
| 29 | PHELIX K. WILLIAMS | 03/08/2018 | Tri-State Sewage & Drainage Service Check # 61959933 written on USPS Chase account # 6790 in the amount of $579.21 cashed at a Wal-Mart in Bossier City, LA.  At the time this counterfeit check was cashed, it was processed through the Certegy server in St. Petersburg, FL. |

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## FORFEITURE ALLEGATION

A.     The allegations in Counts 1 – 29 of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

B.     Upon conviction of an offense set forth in Counts 1 – 29, in violation of Title 18, United States Code, Sections 1349, 1344, and 1343, the defendants, **CARLOS A. SPANN, PHELIX K. WILLIAMS,** and **ANTHONY E. JOHNSON** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds the defendant

obtained directly or indirectly as the result of said violations as set forth in this Indictment.

    C.    If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property, which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 981(b)(1), and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). [18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c)].

A TRUE BILL:

**_REDACTED_**

_____
GRAND JURY FOREPERSON

DAVID C. JOSEPH
United States Attorney

By:_____
for TIFFANY E. FIELDS (AR 2012221)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
Telephone: (318) 676-3600