UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | | * | CRIMINAL NO. 18-CR-00232-01-03 |
| | | * | |
| | | * | 18 U.S.C. § 1349 |
| VS. | | * | 18 U.S.C. § 1344(1) and (2) |
| | | * | 18 U.S.C. § 1343 |
| CARLOS A. SPANN | (1) | * | |
| PHELIX WILLIAMS | (2) | * | CHIEF DISTRICT JUDGE HICKS |
| ANTHONY JOHNSON | (3) | * | MAGISTRATE JUDGE HORNSBY |

**GOVERNMENT'S LIST OF FORESEEABLE ISSUES**
**TRIAL DATE: February 4, 2019**

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America, which respectfully provides this list of foreseeable issues:

1.

As of the date of this filing, the Defendants have not accepted the Government's plea offer. The Government requests that before commencement of the trial, the Court confirm with the Defendants that they are aware of any communicated plea offers and whether they have has chosen to decline the offer. *See Lafler v. Cooper,* 132 S. Ct. 1376 (2012).

2.

The Government anticipates that its case-in-chief will take approximately three days.

3.

The Government will turn over any required *Brady* and *Giglio* material prior to trial commencing. The Government will provide Jencks Act material to defense counsel the Friday before trial.

4.

Rule 16 disclosures have been provided to defense counsel. The Government will continue to adhere to the duty to disclose under Rule 16 should additional evidence be discovered. The Defendant has not produced any reciprocal discovery to the Government to date.

5.

The Government is willing to enter into stipulations of fact and exhibits where the parties are able to agree.

6.

The Government may seek to introduce in its case-in-chief evidence of the defendant's other similar acts that are intrinsic or alternatively, admissible pursuant to Federal Rule of Evidence 404(b)(2). A formal notice of intent to introduce these other acts will be filed.

7.

During its case-in-chief, the Government intends to present records from general merchandise stores including Wal-Mart. These records will include surveillance videos and transaction receipts. Introduction of this evidence will be accompanied by qualified witness testimony to authenticate the documents.

The Government intends to present evidence regarding various fraudulent checks passed by the Defendants. These records include, but are not limited to, records from Trustmark National Bank, Regions Bank, JP Morgan Chase Bank, N.A., Tower Loan, and Certegy. Introduction of these records will conform to the requirements and proscriptions of Fed. R. Evid. 803(6) and 902(11). Specifically, the evidence will be accompanied by qualified witness testimony and/or a certification that the records: (A) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) were kept in the course of the regularly conducted activity; and (C) were made by the regularly conducted activity as a regular practice. Fed. R. Evid. 902(11). Counsel for the Defendant has previously been provided with a copy of several of the documents referenced herein and the business records attestations, and will continue to be provided these records.

8.

The Government intends to use all available admissible evidence including statements made by the Defendants during the course of the scheme or the investigation and/or to law enforcement officers. Presentation of the Government's trial evidence includes but is not limited to text messages sent by the Defendants and other parties. Such documentary evidence will be accompanied by qualified witness testimony pursuant to Fed. R. Evid. 702 and 703.

9.

Forfeiture as alleged in the Indictment should be bifurcated for trial purposes. *See* Fed. R. Crim. Proc. 32.2(b)(5). The Government will provide a redacted copy of the Indictment for use by the Court and jury. If convicted, the Defendant may choose to have the forfeiture tried by the jury or by the Court.

The Government hereby notifies the Court that if the Defendant is found guilty of relevant counts in the indictment, the Government will not request that the jury be retained to determine the forfeitability of property or assets as authorized by Federal Rule of Criminal Procedure 32.2(b)(5)(A).

10.

The Government intends to call an expert for fingerprint comparisons for the purpose of establishing Defendants' possession of the fraudulent checks. The Government will provide the examiner's curriculum vitae to defense counsel and the requisite notice will be filed.

11.

The Government will be represented by undersigned counsel and First Assistant United States Attorney Alexander C. Van Hook.

12.

The Government respectfully requests the opportunity to submit additional briefing on other issues should they become necessary.

                                        Respectfully submitted,

                                        DAVID C. JOSEPH
                                        UNITED STATES ATTORNEY

By:   *s/Tiffany E. Fields*
       Tiffany E. Fields (AR Bar No. 2012221)
       Assistant United States Attorney
       300 Fannin St., Ste. 3201
       Shreveport, LA 71101
       318/676-3600

## CERTIFICATE

I hereby certify that on December 18, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for the defendants by operation of the court's electronic filing system.

*s/Tiffany E. Fields*
Tiffany E. Fields
Assistant U. S. Attorney
