**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00232-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARLOS A. SPANN (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are multiple post-trial motions filed by Defendant Carlos A. Spann ("Defendant"): (1) a Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29(c)(1) (Record Document 104); (2) a *pro se* Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33(a) (Record Document 160); and (3) a *pro se* Motion to Dismiss Indictment pursuant to Federal Rule of Criminal Procedure 6 (Record Document 172). The Government opposes the motions. See Record Documents 106, 162, and 179. For the reasons set forth below, Defendant's motions are hereby **DENIED**.

The Court first addresses Defendant's Motion for Judgment of Acquittal (Record Document 104). A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 is a challenge to the sufficiency of the evidence. See U.S. v. Uvalle-Patricio, 478 F.3d 699, 701 (5th Cir. 2007). The standard for evaluating a defendant's motion for acquittal is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Thus, the Court's task at this stage is to view not only the evidence, but also all reasonable inferences, in the light most favorable to the Government. See United States v. Mendoza, 522 F.3d 482, 488 (5th Cir. 2008). The Court reviews the sufficiency of

circumstantial evidence in the same manner that it reviews the sufficiency of direct evidence. See United States v. DeJean, 613 F.2d 1356, 1358 (5th Cir. 1980).

Here, the Court finds that the evidence and testimony presented during the four-day trial in this matter clearly supported the jury's verdict, which found Defendant guilty of one count of conspiracy to commit bank and wire fraud, as well as two counts of wire fraud. For example, the jury heard testimony from Trivia Tyler, who testified that she conspired with Defendant, co-defendant Phelix Williams, and others in passing counterfeit checks as part of the wire fraud scheme. This testimony was further corroborated by numerous other witnesses and physical evidence, including photographs and text messages showing Defendant's involvement in the conspiracy. Furthermore, a video recorded interview of Defendant, which occurred subsequent to a 2015 search warrant executed at his residence and the rendering of his Miranda rights, was admitted into evidence and played for the jury at trial. In the video, Defendant explained to law enforcement officers various details regarding the wire fraud scheme, including how he created the counterfeit checks and recruited individuals in distributing them. Thus, given the substantial direct and circumstantial evidence presented at trial, it can hardly be said that the jury's guilty verdict was not a "rational decision." Accordingly, Defendant's Motion for Judgment of Acquittal (Record Document 104) is **DENIED**.

Regarding Defendant's Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33(a) (Record Document 160), the Court finds, as previously stated in its prior order in this matter, that such motion is untimely under Rule 33(b)(2). See Record Document 148 at 1. Further, Defendant has not demonstrated the sort of "excusable neglect" that would justify an extension of the deadline to file this motion. See id.; see

also Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). Therefore, Defendant's Motion for New Trial (Record Document 160) is **DENIED**.

Lastly, the Court addresses Defendant's Motion to Dismiss Indictment pursuant to Federal Rule of Criminal Procedure 6 (Record Document 172). Defendant alleges numerous convoluted grounds in support of his motion, the majority of which concern the grand jury proceedings in this matter. See Record Document 172-1 at 1. In this context, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant. See, e.g., United States v. Cessa, 861 F.3d 121, 141 (5th Cir. 2017). Additionally, dismissal of an indictment is appropriate only if it is established that the violation "substantially influenced" the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations. Id. Furthermore, courts have repeatedly held that a petit jury's determination of guilt beyond a reasonable doubt renders harmless any alleged errors that occurred before the grand jury. See, e.g., U.S. v. Mechanik, 475 U.S. 66, 73, 106 S. Ct. 938, 943 (1986).

First, the Court addresses Defendant's asserted grounds for dismissal of the indictment due to alleged "false testimony" and inflammatory remarks presented to the grand jury. Record Document 172-1 at 3. Defendant objects to, *inter alia*, testimony by United States Secret Service Senior Special Agent Darron Craft ("SA Craft") during grand jury regarding a post-Miranda interview with co-defendant Phelix Williams ("Defendant Williams"). SA Craft testified that during the interview, Defendant Williams identified the instant Defendant from a photograph and that Defendant was the individual known as

"Unc" who gave him the counterfeit checks at issue. Here, Defendant wholly fails to make any showing that the testimony was false or that any alleged omission or discrepancy regarding said testimony had any effect on the grand jury's decision to indict. Moreover, the portion of the referenced interview on which SA Craft's testimony was based was presented at trial for the jury's consideration, which went on to find Defendant guilty of all counts alleged in the indictment.[1]

In addition, Defendant asserts in his motion an obscure argument in which he claims that the indictment is unconstitutional as "fruit of the poisonous tree." Record Document 172-1 at 8. Defendant further requests that the Court find that Defendant Williams' testimony at trial, which contradicted his previous statements to SA Craft referenced above, was truthful and that the indictment was instead based on false testimony. See id. However, as with his previous arguments, Defendant's claims are equally without merit. As discussed above, Defendant fails to offer any basis supporting his claim that the Government presented or sponsored false testimony to the grand jury through SA Craft, or that such testimony was the only evidence they considered in returning a true bill against Defendant. Furthermore, the Court declines to overrule the petit jury's credibility determination as to Defendant Williams' testimony at trial. Accordingly, Defendant's Motion to Dismiss Indictment (Record Document 172) is **DENIED**.

---

[1] The Court notes that Defendant also asserts in his motion that the Assistant United States Attorney who was present during the grand jury proceedings in this matter was not authorized to appear before them, and that the grand jury was not fair and impartial. See Record Document 179 at 4, 12–13. However, because Defendant fails to offer any basis, whether legal or factual, in support of either allegation, the Court declines to further address such claims.

Therefore, based on the foregoing reasons, Defendant's Motion for Judgment of Acquittal (Record Document 104) and *pro se* Motion for New Trial (Record Document 160) are **DENIED**. Additionally, Defendant's *pro se* Motion to Dismiss Indictment (Record Document 172) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of October, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT