# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00232-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARLOS A. SPANN (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is Defendant Carlos A. Spann's ("Defendant") *pro se* Motion for New Trial Due to Newly Discovered Evidence pursuant to Federal Rule of Criminal Procedure 33(b)(1). See Record Document 180. The Government opposes the motion. See Record Document 181.

Under Federal Rule of Criminal Procedure 33, a court may grant a motion for new trial "if the interest of justice so requires." However, motions for new trial are disfavored and "reviewed with great caution." U.S. v. Turner, 674 F.3d 420, 429 (5th Cir. 2012). Additionally, when reviewing motions for new trial based on newly discovered evidence pursuant to Rule 33(b)(1), the Fifth Circuit applies the "Berry rule," which requires the defendant to show: (1) the evidence is newly discovered and was unknown to him at the time of trial; (2) the failure to discover the evidence was not due to his lack of diligence; (3) the evidence is not merely cumulative, but is material; and (4) the evidence would probably produce an acquittal. See Turner, 674 F.3d at 429 (citing Berry v. Georgia, 10 Ga. 511 (1851)); see also U.S. v. Wall, 389 F.3d 457 (5th Cir. 2004).

In the instant motion, Defendant asserts, *inter alia*, that evidence in the form of text messages sent by co-defendant Phelix Williams constitutes newly discovered evidence, that a Brady violation occurred due to the Government's alleged suppression of such

evidence, and that the Government further violated the Jencks Act. See Record Document 180 at 2, 16–17.

First, the Government did not violate Brady. In order to establish a Brady violation, a defendant must show that: (1) the prosecution suppressed evidence; (2) it was favorable to the defendant; and (3) it was material. See, e.g., U.S. v. Brown, 650 F.3d 581, 587–88 (5th Cir. 2011). Under this standard, "materiality" rests on whether there exists "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 588. Furthermore, the "likelihood of a different result must be substantial, not just conceivable." Id.

Here, not only were the records at issue disclosed to Defendant through his counsel at the time a month before trial, Defendant was clearly aware of their existence as they were referenced by other evidentiary materials before and during trial. Thus, the text messages are not newly discovered evidence. In any event, the Court finds that Defendant has failed to show that the text messages are favorable to him or that such evidence would have affected the outcome of the trial. As noted in its previous ruling, there was substantial evidence and testimony presented during the four-day trial, including photographs and text messages regarding Defendant's involvement in the conspiracy, for the jury to consider in rendering its verdict, and the Court is not persuaded that the records at issue would have changed the result.

Additionally, a review of the materials and records produced in this case show that the Government did not commit a Jencks Act violation. First, the interview of Trivia Tyler ("Tyler") was not audio or video recorded, and Defendant was provided a copy of the Shreveport Police Department's report summarizing the interview with Detective Sarah

Brown and Special Agent Craft ("SA Craft"). Notwithstanding, Defendant was not prejudiced by not possessing an unredacted copy of SA Craft's investigative report as Defendant had ample opportunity to rely on the Shreveport Police Department's summary of the interview during his cross examination of Tyler.

Accordingly, based on the foregoing reasons,

**IT IS ORDERED** that Defendant's *pro se* Motion for New Trial Due to Newly Discovered Evidence (Record Document 180) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of October, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT