UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00232-01 |
| | CIVIL ACTION NO. 22-1129 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARLOS A. SPANN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Carlos A. Spann's ("Spann") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 227). Spann seeks to have his sentence vacated on the grounds of ineffective assistance of counsel. For the reasons discussed herein, Spann's Motion is **DENIED**.

**BACKGROUND**

On August 28, 2018, a federal grand jury filed charges against Spann in a twenty-nine-count indictment, naming Spann in Counts 1, 26, and 27. See Record Document 1. Betty Marak ("Marak") with the Office of the Federal Public Defender was appointed to represent him on September 6, 2018. See Record Document 21. On December 11, 2018, Spann filed a *pro se* motion to remove Marak as his appointed counsel. See Record Document 47. The Court denied the motion. See Record Document 48. Spann's family then retained counsel, Stephen Glassell ("Glassell"), who filed a Motion to Enroll and Continue Trial on January 17, 2019. See Record Document 65. The Government opposed the motion as it pertained to continuing trial. See Record Document 66, 73. On January 28, 2019, the Court granted the Motion to Enroll but denied the Motion for Continuance. See Record Document 81.

On February 7, 2019, after a four-day jury trial, Spann was found guilty as to all counts against him. See Record Document 102. Spann had orally moved for a judgment of acquittal at the close of the evidence. See Record Document 94. The motion was denied. See Record Document 95. Glassell re-urged the oral motion for a judgment of acquittal. See Record Document 104. The Court again denied the motion. See Record Document 183. On April 17, 2019, Glassell filed a Motion to Withdraw due to Spann filing a complaint against him with the Office of Disciplinary Counsel. See Record Document 111. The Court granted the motion, and Charles "Pete" Kammer ("Kammer") was appointed to represent Spann. See Record Documents 112, 117.

Spann then filed a Motion to Proceed *Pro Se*. See Record Document 136. After a hearing, the Court found that Spann made a knowing, intelligent, and voluntary waiver of his right to counsel (including appointed counsel), and that he was allowed to represent himself in further proceedings. See Record Document 140. Joseph Greenwald, Jr. ("Greenwald") was appointed as standby counsel and for purpose of exhibiting videos and audio on counsel's laptop at the jail. See id. On June 12, 2019, Spann filed *pro se* motions to recuse the district court judge and the Assistant United States Attorneys, which the Court denied. See Record Documents 118, 124, 130, 142, 146. Before sentencing, the defendant filed *pro se* motions for new trial and a motion to dismiss indictment, which were also denied. See Record Documents 160, 172, 180, 182, 184.

On October 29, 2019, the Court sentenced Spann to 240 months' imprisonment each as to Counts 1, 26, and 27 to run concurrently. See Record Documents 190 at 2. He was sentenced to five years supervised release as to Count 1 and three years as to each of Counts 26 and 27, to run concurrently. See id. at 3. Spann appealed his sentence.

See Record Document 196. On April 26, 2021, the Fifth Circuit Court of Appeals dismissed his appeal for want of prosecution. See Record Document 225. On April 27, 2022, Spann filed the instant § 2255 Motion which he signed on April 18, 2022. See Record Document 227. Spann seeks to have his case reversed and remanded for new trial. See id. at 9. The Government filed a response. See Record Document 230. Spann replied. See Record Document 231.

## LAW AND ANALYSIS

### I. Legal Standards

#### A. Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

**B. Ineffective Assistance of Counsel.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by

the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome."

Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415. If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. See Tucker v. Johnson, 115 F.3d 276, 281 (5th Cir. 1997).

## II. Analysis

Spann claims, in five grounds for relief, that the three attorneys who represented him were ineffective. The Court will analyze the claims against each attorney separately.

### A. Claims against Marak

In his motion, Spann claims that Marak, his original appointed counsel, was ineffective when she purportedly failed to file any motions on his behalf, only visited him once before trial, refused to prepare a defense for trial, refused to investigate the case. See Record Document 227 at 2. He also faults Marak for his having to retain new counsel and his trial not being continued. See id. The Court finds that these claims are unsupported by the record.

A few months after she was appointed to his case, Spann filed a *pro se* motion to remove Marak has his appointed counsel, as he believed that her representing him in a prior case created a conflict of interest in that she was "treating [his] case as an open shut case with [him] being guilty as charged," and that she refused to file any pretrial motions on his behalf. Record Document 47 at 2. The Court denied the motion December 12, 2018, stating that the circumstances described by Spann were not critical conflicts of

interest and that Marak would file any motions she believed were warranted under the law, but she would not file frivolous motions even if Spann insisted, concluding that Spann was in good hands with Marak. See Record Document 48 at 1. As stated above, Spann's family then retained Glassell. Spann's claims against Glassell are discussed *infra*.

Spann did not initially identify what pretrial motions Marak allegedly failed to file. See Record Document 227 at 2. In his reply to the Government's opposition, Spann claims that he requested that Marak file a Motion to Suppress challenging the method used in presenting photos of Spann in his cell phone to one of his co-defendants during an interview. See Record Document 231 at 2. Whether to file pretrial motions "falls squarely within the ambit of trial strategy." Murray, 736 F.2d 279, 283 (5th Cir. 1984) (citing William v. Beto, 354 F.2d 698, 703 (5th Cir. 1965)). In such cases, defense counsel's professional judgment is accorded deference unless it is unreasonable, and Spann has not provided a basis to determine that counsel's strategic choice not to file a motion to suppress was unreasonable. See Strickland, 466 U.S. at 699 ("Counsel's strategy choice was well within the range of professionally reasonable judgments....").

As to the allegations regarding Marak visiting only once before trial, it is well-settled that the brevity of consultation time between a defendant and his counsel, alone, cannot establish ineffective assistance of counsel. See Murray, 736 F.2d at 283-84 (citing Jones v. Wainwright, 604 F.2d 414, 416 (5th Cir. 1979)). Spann has not shown what additional evidence could have been produced had additional conversations taken place with Marak. See id.

Counsel has a duty to make reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. See Strickland, 466 U.S. at 691.

In assessing whether counsel's investigation was unreasonable, a heavy measure of deference must be afforded to counsel's judgments. See United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) (citing Strickland 466 U.S. at 691). A defendant who alleges that trial counsel failed to investigate must state with specificity what the investigation would have revealed and how it would have affected the outcome of the trial. See Gregory v. Taylor, 601 F.3d 347, 354 (5th Cir. 2010). Spann does not do so, nor does he specify what defense Marak purportedly failed to prepare. Spann's unsupported allegations of ineffective assistance of counsel against Marak do not establish either deficient performance or actual prejudice. See Record Document 227 at 2; See United States v. Demik, 489 F.3d 644, 646 (5th Cir. 2007) ("conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue); see also United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue") (quoting Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998)). "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]." Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992).

Accordingly, Spann has failed to show either deficient performance or prejudice and this ground for review is **DENIED** as to Marak.

### B. Claims against Glassell

Spann asserts that his retained counsel, Glassell, was ineffective when he accepted the case only eighteen days before trial, failed to investigate the case, failed to create an alibi defense, failed to use exculpatory evidence, failed to impeach a witness, failed to move for recusal of the trial judge and a mistrial, and conceded to his guilt during closing arguments. See Record Document 227 at 3-8.

#### a. Accepting the Case

Spann states that Glassell "deceptively" accepted the case even though he was aware that the trial was only eighteen days away, that the trial judge was not going to grant a continuance, and that his case contained a large volume of checks that would take more than eighteen days to research and prepare for trial. Id.

When Glassell filed his Motion to Enroll and to Continue, the Government filed oppositions to the continuation of the trial. See Record Documents 66, 73. Glassell then filed an additional memorandum in support of his motion, in which he stated that he was concerned that the Court might not grant a continuance under the circumstances, and he would do whatever it took to be prepared for trial. See Record Document 74 at 2. Glassell stated that except for the 404(b) issue and facts that remained, this case was not complex, and he could be ready. See id. He stated the same during a hearing on the motion. See Record Document 212 at 4. Marak also filed a response to the Government's opposition, arguing on Spann's behalf that the inconvenience to the Government and its witnesses if the trial was continued did not outweigh Spann's interest in retaining counsel of his choice. See Record Document 75. The Court granted Glassell's motion to enroll but denied the motion to continue trial. See Record Document 81. At the hearing on the motion, Spann

admitted on the record that he was confident that Glassell would be prepared to represent his interests without continuing trial. See Record Document 212 at 5.

Even with his late arrival to the case, Glassell still managed to fervently defend Spann. Glassell filed several motions on Spann's behalf that were ruled on by the Court. See Record Documents 79, 85-87. He cross-examined almost every government witness and prompted re-direct by the Government on many of the witnesses. See Record Documents 115, 131-134. Spann presented two of his own witnesses, as well as several exhibits in support of his theory of defense. See Record Document 134 at 113. Glassell even filed a Motion for Post Verdict Rule 29 Judgment of Acquittal before he filed a Motion to Withdraw as Attorney of Record because Spann filed a complaint against him with the Office of Disciplinary Counsel. See Record Documents 104 & 111. Spann's choice to retain new counsel before trial was his own, and he cannot fault Marak nor Glassell for the Court's denying the Motion to Continue.[1]

    b. <u>Failure to Investigate and Create Defense</u>

Spann additionally argues that in Glassell's alleged failure to investigate the case, he referred to evidence using the wrong terms and did not know pertinent information. See id. He also states that he failed to prepare an actual defense and alibi. See id. However, like the analysis above regarding Marak, Spann has failed to allege what the investigation would have uncovered and/or what witness could have testified to an alibi

---

[1] See United States v. McWilliams, No. 05-30044-01, 2010 WL 4627878 (W.D. La. Sept. 8, 2010) (After petitioner claimed trial counsel was "ineffective for accepting and enrolling in her complex, document intensive federal fraud case one month before trial-a trial at which counsel was obviously unprepared," the Court found that petitioner failed to provide evidence sufficient to support a finding that she received ineffective assistance of counsel.)

for him. There must be a specific, affirmative showing of what the missing evidence or testimony would have been. See Mattheson v. King, 751 F.2d 1432, 1438 (5th Cir. 1985).

      c. <u>Failure to use Exculpatory Evidence and Impeach</u>

Spann contends that Glassell failed to use exculpatory evidence to impeach the Government's witness Trivia Tyler ("Tyler"). See id. at 3-4.

As to the purported exculpatory evidence, Spann claims that text messages between Tyler and Phelix Williams ("Williams") could have been used to impeach Tyler. See Record Document 227 at 4. The Court issued an order regarding Spann's *pro se* Motion for New Trial, finding that "Defendant has failed to show that the text messages are favorable to him or that such evidence would have affected the outcome of trial." Record Document 184 at 2. "Because decisions regarding cross-examination are strategic, they usually 'will not support an ineffective assistance claim.'" United States v. Bernard, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted) (citing Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002)). "A few cherry-picked examples of mistakes or bad answers over the course of a long trial do not amount to constitutionally ineffective lawyering. Speculating about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that Strickland warns against." Castillo v. Stephens, 640 F. App'x 283, 292 (5th Cir. 2016), *cert. denied* Castillo v. Davis, 137 S. Ct. 279 (2016) (citing Strickland, 466 U.S. at 689). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Spann does not overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. He fails to meet the first prong of Strickland regarding this ground.

### d. Failure to Move for Recusal and Mistrial

Spann argues that Glassell should have moved for recusal of the undersigned because of statements made by the Court after reading things Spann said during a recorded jail call against the Court. See Record Document 227 at 4-5. Spann filed *pro se* Motions to Recuse, which the Court denied. See Record Documents 118, 124, 130, 142, & 146. Additionally, in denying the defendant's *pro se* petition for a writ of mandamus, the United States Court of Appeals for the Fifth Circuit rejected Spann's allegations regarding the Court's conduct and stated that Spann "points to no specific adverse ruling or to anything suggesting any rulings resulted from personal bias or otherwise demonstrated the requisite degree of antagonism." Record Document 173 at 3. Spann moved for recusal again at sentencing when he was self-represented, which the Court again denied. See Record Document 213 at 62. Accordingly, Glassell was not ineffective when he did not file a meritless motion to recuse the trial judge. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to file meritless motions or raise frivolous arguments).

Spann further claims that Glassell "failed to represent" him during trial while opposing counsel and the Court purportedly engaged in *ex parte* communication and while the Court and opposing counsel "conspired" to structure a trial that would give favor to the Government. See Record Document 227 at 5. There is no evidence in the record that supports Spann's allegations that there was any *ex parte* communication between the undersigned and Government counsel, nor evidence that the Court "conspired" against Spann. Again, conclusory allegations are insufficient to obtain relief under § 2255. See Demik, 489 F.3d at 646.

Spann also states that Glassell was ineffective when he failed to object and move for a mistrial when opposing counsel purportedly violated the Confrontation Clause by introducing statements made by Tametria Bradley ("Bradley") to law enforcement while in custody. See Record Document 227 at 6. He states that he never had the opportunity to confront Bradley, his alleged accuser. See id.

The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53–54 (2004). Because this is a § 2255 ineffective assistance of counsel claim for failure to object based on the Confrontation Clause, rather than an error asserted on direct appeal for violation of the Confrontation Clause, the Court will not address the merits of whether the Court admitted evidence in violation of the Confrontation Clause. See United States v. Williams, 476 F. App'x 1, 2 (5th Cir. 2012); see also United States v. Crespo-Hernandez, 186 F. App'x 419, 424–26 (5th Cir. 2006). Even assuming the testimony violated the Confrontation Clause, whether Glassell's failure to object constituted ineffective assistance of counsel is analyzed under the two Strickland prongs. See Dorsey v. Stephens, 720 F.3d 309, 318–21 (5th Cir. 2013); see also Fontenot v. Quarterman, No. 07-3426, 2008 WL 905154, at *9 (S.D. Tex. Apr. 2, 2008).

Regarding the deficient performance prong, not all abstentions to object to testimony, including objections based on the Confrontation Clause, constitute ineffective assistance. See Dorsey, 720 F.3d at 320; see also Pham v. United States, No. 07-779-A, 2008 WL 495848, at *3-4 (N.D. Tex. Feb. 20, 2008). At trial, abstaining to object to Confrontation Clause violations can be sound trial strategy if counsel, for instance,

believes an objection would negatively emphasize the testimony to the jury, believes it would be better to discredit the testimony through cross-examination, or believes it would be beneficial for the jury to hear the testimony. See Pham, 2008 WL 495848, at *3-4. Spann does not address this trial strategy issue; therefore, he has not met his burden of showing Glassell's representation fell below an objective standard of reasonableness, and he has not rebutted the strong presumption that his conduct regarding Bradley's testimony fell within the wide range of objectively reasonable conduct.

Spann further argues that Glassell was ineffective when he failed to ask for a mistrial after the testimonies of Captain Bobby Herring ("Herring"), Sergeant Dough Smith ("Smith"), and King Copeland ("Copeland"). See Record Document 227 at 7. Spann asserts that Herring and Smith made prejudicial statements, and that the Government violated his rights in "using" Copeland's refusal to testify to "state prior statements made by Copeland to the jury." Id. at 7-8.

Spann made claims regarding the testimonies of Herring and Smith in his Motion for New Trial due to Newly Discovered Evidence. See Record Document 180 at 12-13, 15. The Court denied the motion. See Record Document 184. After a review of the record, it appears that Glassell did make objections during all three testimonies. See Record Document 132 at 54, 56, 89, & 112; see also Record Document 133 at 297-300. Strickland does not require trial counsel to take every possible step, including asking for a mistrial or a limiting instruction. See Guidry v. Lumpkin, 2 F.4thr 472, 490 (5th Cir. 2021). Even if trial counsel's strategy could be construed as deficient performance, Spann makes no showing that the District Court would have granted a mistrial, thus rendering the proceedings unreliable or fundamentally unfair. See Lockhart v. Fretwell, 506 U.S. 364,

369-72 (1993); see also Strickland, 466 U.S. at 691. Spann has failed to make the necessary showing that trial counsel's performance was deficient. See Strickland, 466 U.S. 668, 687-91. Spann's failure to prove deficient performance makes it unnecessary to fully determine whether he was prejudiced as to these claims. See Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

    e. Failure to Object to Amending the Indictment

Spann states that Glassell was ineffective when he failed to object to the Court purportedly amending the indictment in the jury instructions to read "Bank Fraud or Wire Fraud" instead of how it was written in the original indictment, "Bank Fraud and Wire Fraud." See Record Document 227 at 6.

A "disjunctive statute may be pleaded conjunctively and proved disjunctively." United States v. Dickey, 102 F.3d 157, 164 n. 8 (5th Cir. 1996). Thus, the undersigned's charge to the jury was a correct statement of the applicable law. Accordingly, there was no basis for an objection. Again, counsel need not make futile motions or objections. See United States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness...."); see also Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002) (citing Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.")); see also Paredes v. Quarterman, 574 F.3d 281, 291 (5th Cir. 2009) (failure to raise a meritless objection does not satisfy the deficient performance prong of Strickland). The first Strickland prong is clearly not met as to this claim.

  f. <u>Closing Argument</u>

  Finally, Spann argues that his trial counsel was ineffective because he conceded Spann's guilt in front of the jury during closing arguments. <u>See</u> Record Document 227 at 3. The right to effective assistance extends to closing arguments. <u>See</u> <u>Bell v. Cone</u>, 535 U.S. 685, 701-702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Consideration of whether an attorney's closing argument is ineffective necessitates a consideration of the closing statements in their entirety. <u>See</u> <u>Teague v. Scott</u>, 60 F.3d 1167, 1173 (5th Cir. 1995). Spann does not point to the exact moment Glassell purportedly conceded to his guilt, but the trial transcript reflects that, in his closing argument, Glassell stated to the jury, "[t]hat's evidence that he's likely guilty of whatever happened in 2015 with all the equipment they found, but that's not part of the -- that's not a charged part of the indictment. He's not charged with the activity that happened in 2015. That's not part of the charge," and stated further "[b]ut just because you do it once doesn't mean you're going to do it again. So please don't convict him just because he had a bunch of counterfeiting equipment two years before anything happened in this indictment." Record Document 211 at 71.

  "[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6, 124 S. Ct. 1, 157 L.Ed.2d 1 (2003). Spann does not demonstrate that his counsel rendered deficient performance nor that he was prejudiced by the performance regarding an alleged admission of guilt in his closing argument. A review of Glassell's closing argument reveals no admission of Spann's guilt. To the contrary, Glassell urged the jury to reach their own conclusions and to only rely on

the evidence provided. See Record Document 211 at 75. Moreover, the Court finds that it was an objectively reasonable strategic decision for counsel to mention his prior conviction and urge the jury not to convict him in the instant case because of that conviction. See id. at 70-71.

Because Spann has not shown that his trial counsel's performance was deficient as to this claim under Strickland, it is again unnecessary to show prejudice. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### C. Claim against Joseph Greenwald

Spann contends that Greenwald, his appointed standby counsel, conceded to his guilt at sentencing.[2] See Record Document 227 at 3. Greenwald made very few statements at sentencing, and none of those statements involved Spann's guilt. See Record Document 213. This claim is also without merit.

---

[2] The Court notes that Spann seems to mistakenly name Glassell in this allegation. After Glassell withdrew from the case, Greenwald was appointed as standby counsel for Spann's sentencing hearing. See Record Documents 114 & 140. The Court addresses this claim against Greenwald in an abundance of caution.

## CONCLUSION

Spann is unable to demonstrate both necessary elements of the <u>Strickland</u> test for establishing an ineffective assistance of counsel claim on any of his arguments. Therefore, Spann's § 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 30th day of July, 2024.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT